J-A09040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM ZYDNEY | : | |
| | : | |
| Appellee | : | No. 927 MDA 2016 |

Appeal from the Order Entered May 4, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001371-2015,
CP-14-CR-0001810-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 27, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Centre County Court of Common Pleas, which suppressed the statements which Appellee, Adam Zydney, made to police during a non-custodial interview.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On July 31, 2015, police executed a search warrant at Appellee's residence

---

[1] The record indicates the court issued notice of its May 4, 2016 order to the parties on May 5, 2016.  The Commonwealth had until June 5, 2016, to file a notice of appeal.  June 5, 2016, however, fell on a Sunday.  Accordingly, the Commonwealth timely filed its notice of appeal on Monday, June 6, 2016. **See** Pa.R.A.P. 108(a)(1) (explaining that in computing any period of time under these rules involving date of entry of order, day of entry shall be day clerk of court **mails or delivers** copies of order to parties).

for indicia of possession and distribution of child pornography. During the search, police confiscated, *inter alia*, Appellee's laptop. On August 4, 2015, Appellee and his attorney voluntarily met with Detective Martin, who interviewed Appellee. Detective Martin informed Appellee the interview was non-custodial and Appellee was free to leave at any time. Detective Martin explained that he assumed Appellee understood his rights because counsel was present; Appellee indicated he did. Detective Martin advised Appellee that if Appellee cooperated and explained what authorities would discover on Appellee's laptop, Detective Martin would charge Appellee with only one count of possession of child pornography. Detective Martin also said he could not "ultimately determine what would happen with the final disposition of the case." (N.T. Suppression Hearing, 1/22/16, at 30). Subsequently, Appellee told Detective Martin there was child pornography on his laptop.

The Commonwealth charged Appellee on August 31, 2015, with one count of possession of child pornography at No. 1371-2015. The Commonwealth charged Appellee, on November 11, 2015, with an additional 1,061 counts of possession of child pornography at No. 1810-2015. The court consolidated the cases on December 16, 2015. On December 23, 2015, Appellee filed a motion to suppress his interview statements to Detective Martin and to dismiss the additional 1,061 possession charges. The court held a suppression hearing on January 22, 2016, where Detective Martin testified. On May 4, 2016, the court granted in part and denied in

part Appellee's suppression motion. The court suppressed Appellee's August 4th interview statements as involuntary but did not dismiss the additional 1,061 charges. The Commonwealth filed a timely notice of appeal on Monday, June 6, 2016, and certified in its notice of appeal that the court's suppression order substantially handicapped or terminated prosecution. On that same day, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); the Commonwealth timely complied on June 27, 2016.

The Commonwealth raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION TO SUPPRESS STATEMENTS FINDING THAT THE STATEMENTS WERE NOT MADE VOLUNTARILY WHEN THEY WERE MADE BY [APPELLEE], DURING A VOLUNTARY VISIT TO THE POLICE STATION, WHEN HE WAS ACCOMPANIED BY HIS ATTORNEY THROUGHOUT HIS INTERVIEW, AND NO PROMISE OF ACTUAL IMMUNITY WAS MADE TO [APPELLEE?]

(Commonwealth's Brief at 4).

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review are:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.
>
> The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to

- 3 -

determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012) (citations and quotations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas King Kistler, we conclude the Commonwealth's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed May 4, 2016, at 9-10) (finding: Appellee made inculpatory statements in interview with Detective Martin; Appellee was free to leave interview and had counsel present throughout interview; during suppression hearing, Detective Martin testified that he told Appellee during interview that if Appellee "was cooperative…and [if] he's honest with me and I find what he's telling me I'm going to find, then I would charge him with one count, but I couldn't ultimately determine what would happen with the final disposition of the case"; notwithstanding Detective's statement that Appellee was free to leave interview at any time, Detective was person in apparent authority to make and perform on his promise to file only one charge; Detective Martin was unable to bind District Attorney's office with promises as to charging decisions; likewise, Commonwealth cannot then use evidence obtained as direct result of those promises against Appellee; under totality of circumstances, Appellee's

interview statements to Detective Martin were involuntary and must be suppressed to put Appellee back in position as if he had not spoken with Detective Martin). The record supports the trial court's reasoning. Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017